OAK LEAF TRADING, LLC, STEVEN SCHLAM 1999 REVOCABLE GRANTOR TRUST, A PARTNER OTHER THAN THE TAX MATTERS PARTNER, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Oak Leaf Trading, LLC v. Comm'r
Docket No. 1896-06
United States Tax Court
2008 U.S. Tax Ct. LEXIS 41; July 29, 2008, Decided
*41 For Petitioner: Steven Aaron Horowitz, Bar No: HS0340, Horowitz & Rubenstein LLC, Roslyn Heights, NY.
Maurice B. Foley, Judge.
Maurice B. Foley
DECISION
Pursuant to Tax Court Rule 248(b), it is
ORDERED AND DECIDED: That the following statement shows the adjustments to the partnership items of Oak Leaf Trading, LLC, for the taxable years 1999 and 2000:
Taxable year 1999
Partnership Item
As Reported
As Determined
Ordinary Income, Other Income
$15,381
$- 0 -
Deductions, Other Deductions
$4,748
$- 0 -
Capital Contributions
$331,498
$- 0 -
Taxable year 2000
Partnership Item
As Reported
As Determined
Ordinary Income, Other Income
<$192,298>
$- 0 -
Deductions, Other Deductions
$13,719
$- 0 -
Distribution of Property
$99,992
$- 0 -
It is determined that Steven Schlam is treated as having a tax basis in the property distributed to him from Oak Leaf Trading, LLC, in the amount of $94,992.00 ($64,595.00 with respect to 2,063 shares of AT&T stock in lieu of $13,668,058.00 as reflected on Steven and Elisheva Schlam's 2000 federal income tax return, and $30,397.00 with respect to 33,888 Euros in lieu of $6,432,138.00 as reflected on Steven and Elisheva Schlam's 2000 federal income tax return), consistent with the treatment of Steven Schlam having directly *42 purchased said property.
It is determined that the 40 percent gross valuation misstatement penalty under I.R.C. section 6662(a), (b)(3), (e) and (h) applies to any underpayment of tax attributable to any gross valuation misstatement resulting from adjustments of the above partnership items for the taxable years 1999 and 2000.
It is determined that the 20 percent penalty applies to any additional underpayment of tax not attributable to any gross valuation misstatement, which is attributable to negligence or disregard of rules or regulations under I.R.C. section 6662(a), (b)(1) and (c) or a substantial understatement of income tax under I.R.C. section 6662(a), (b)(2) and (d) for the taxable years 1999 and 2000.
/s/ Maurice B. Foley
Judge
Entered: JUL 29 2008